RECEIVED

SEP - 9 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION


| | |
|---|---|
| PETROLEUM HELICOPTERS, INC. | CIVIL ACTION NO.: 13-0015 |
| VERSUS | JUDGE DOHERTY |
| APICAL INDUSTRIES, INC., et al. | MAGISTRATE JUDGE HANNA |


## MEMORANDUM RULING

Pending before this Court are the "Motion for Partial Summary Judgment" [Doc. 58] and

"Amended Motion for Partial Summary Judgment" [Doc. 69] filed by defendant Apical Industries,

Inc. ("Apical").

In the "Motion for Partial Summary Judgment," Apical argues:

PHI's tort claim against Apical arising under the LPLA is clearly a maritime claim
and the damages incurred by PHI were purely economic injuries to the product itself.
As such, the *East River* doctrine bars PHI from recovering against Apical under any
tort theory, including the LPLA. For these reasons, defendant asks the Court to grant
this motion and render a partial summary judgment in defendant's favor.[1]

In response to the motion, PHI filed the following response:

The basis of Apical's Motion is largely Judge Hanna's determination that the *East
River* doctrine applies to this case and that the application of that doctrine precludes
PHI's assertion of claims in tort. For the reasons stated in its briefing relating to
PHI's Motion to Remand, PHI opposed this argument and asserted that tort claims
could be pursued in this action against one of the defendants, Offshore Helicopter
Support Services, Inc. ("OHS"). PHI maintains that tort claims are appropriate in
this case, but Judge Hanna has decided that only claims based in contract may be
asserted for PHI's damages. PHI disagrees with Judge Hanna's decision for the
reasons previously asserted, but because PHI continues to have other viable claims

---

[1] *See* Motion for Partial Summary Judgment, Doc. 58, at p.9 (emphasis added).

against all of the defendants based in contract, PHI has determined to focus its efforts on contract-based claims against Apical. Accordingly, PHI does not oppose Apical's Motion for Partial Summary Judgment as to PHI's claim against Apical *under the LPLA*.[2]

PHI went on, in a footnote, to specifically reserve its right to <u>not waive</u> any of its tort claims.[3]

The briefs, as presented to the Court, created a question as to whether PHI asserted claims under the LPLA *as well as other tort claims against Apical*, and whether Apical sought dismissal of only those claims of PHI that arise under the LPLA, or whether, instead, Apical sought dismissal of any claim arising under any tort theory (including the LPLA, which would suggest broader relief).[4] Because of the need for clarification, the Court questioned the parties about the nature of the relief requested by Apical.  In response, counsel for Apical confirmed (1) the only tort claim PHI has pled against Apical is a claim under the LPLA, and (2) Apical's motion for partial summary judgment seeks dismissal of only the LPLA claim.  Apical then filed an "Amended Motion for Partial Summary Judgment" [Doc. 69], which clarifies this point.  PHI does not oppose the Amended Motion for Partial Summary Judgment.

Considering the foregoing, the "Motion for Partial Summary Judgment" [Doc. 58] filed by Apical is DENIED AS MOOT, and the "Amended Motion for Partial Summary Judgment" [Doc. 69]

---

[2] *See* Response to Motion for Partial Summary Judgment, Doc. 66, at p. 1.

[3] *Id.* at n.1.

[4] As the Court noted in its inquiry to counsel, while the <u>motion</u> sought dismissal of "PHI's claims against Apical arising under the LPLA," the memorandum in support of the motion argued "the East River doctrine bars PHI from recovering against Apical <u>under any tort theory, including the LPLA</u>."  In response, PHI argued it had no opposition to the motion "<u>as to PHI's claim against Apical under the LPLA</u>." Yet, in a footnote, PHI argued it "[did] not seek to waive any argument regarding the applicability of the East Rive doctrine<u>or the viability of its claims in tort</u>."  The foregoing led to confusion on the part of the Court as to whether Apical was seeking to dismiss only those claims of PHI that arise under the LPLA, or whether Apical sought dismissal of <u>all claims under any tort theory</u>.

filed by Apical is GRANTED in its entirety, and PHI's claims against Apical under the LPLA are DENIED AND DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____9_____ day of September , 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3