UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PETROLEUM HELICOPTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00840-TWP-DML |
| | ) | |
| ROLLS-ROYCE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Rolls-Royce Corp., ("Rolls-Royce"). (Filing No. 192.) Plaintiff Petroleum Helicopters, Inc. ("PHI") filed this action to recover damages for the loss of a helicopter which was forced to make an emergency landing onto the Gulf of Mexico after an engine, manufactured by Rolls-Royce, malfunctioned. On January 30, 2013, PHI filed an Amended Complaint in the Western District of Louisiana (Filing No. 15). PHI asserts that redhibitory defects[1] in Rolls-Royce's engine caused its helicopter to land onto the Gulf of Mexico, resulting in the destruction of the helicopter. On May 29, 2015, PHI's claims against Rolls-Royce were severed and transferred to this Court. (Filing No. 160.) Rolls-Royce now moves for summary judgment, asserting that PHI's damages are limited by a Limited Warranty, PHI's claims are barred by the "economic loss" doctrine, and the destruction of PHI's helicopter was due to a superseding cause. (Filing No. 192.) For the following reasons, Rolls-Royce's Motion for Summary Judgment is granted in part and denied in part.

---

[1] Under Louisiana law, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect…" La. Civ. Code Art. 2520.

## I.   BACKGROUND

### A.   Undisputed Facts

Rolls-Royce manufactures turbine aircraft engines and parts used in helicopters.  (Filing No. 193 at 1.)  PHI, one of Rolls-Royce's long standing customers, operates one of the largest fleet of rotary aircraft in the world, and also offers helicopter transport services.  *Id.*  In 1999, Rolls-Royce designed, manufactured, and sold an engine to Bell Helicopter Canada.  (Filing No. 15 at 3; Filing No. 193 at 2.)  In 2009, Bell Helicopter Canada installed Rolls-Royce's engine into the helicopter at issue.  (Filing No. 193 at 2.)  Thereafter, in 2011, PHI purchased a replacement engine component known as a No. 2 bearing from Rolls-Royce and independently installed it into the helicopter's engine.  *Id.* at 3.  The replacement No. 2 bearing included a Limited Warranty for spare modules and parts.  *Id*. at 7.

On December 1, 2011, the No. 2 bearing failed, causing the entire engine to lose power. (Filing No. 197 at 3.)  This malfunction forced the pilot to perform an emergency landing onto the Gulf of Mexico.  (Filing No. 15 at 3.)  During the emergency landing, the pilot inflated skid mounted floats which were designed to keep the helicopter from sinking.  *Id.*  The pilot and his passenger then entered inflated life rafts and were rescued within ten minutes. (Filing No. 193 at 2.)  The rescuers returned to the floating helicopter and attempted to tow the helicopter to a platform for recovery.  *Id.* at 8.  After towing the helicopter for approximately an hour, the float deflated.  *Id*.  The helicopter inverted into the salt water, resulting in the helicopter's destruction. *Id.* at 2.

APICAL Industries, Inc. ("APICAL") designed, manufactured, and sold the helicopter's float system to PHI.  (Filing No. 15 at 3.)  Thereafter, in 2006, APICAL incorporated "doubler" float systems to prevent floats from rupturing and deflating.  (Filing No. 193 at 6.)  On November

11, 2006, APICAL advised Offshore Helicopter Support Services, Inc., ("OHS") and other service agents to retrofit existing floats with a "doubler." *Id.* In November 2011, less than one month before the emergency landing, OHS repaired and reworked the float system on PHI's helicopter. (Filing No. 15 at 11.) While servicing the helicopter, OHS neither retrofitted a "doubler" onto the helicopter's float, nor did OHS advise PHI of the need for a retrofit. (Filing No. 193 at 6.)

**B.      The Louisiana Litigation**

On January 30, 2013, PHI filed an Amended Complaint in the Western District of Louisiana against Rolls-Royce, APICAL, and OHS, requesting compensatory damages and attorney's fees. (Filing No. 15.) PHI asserted redhibition claims against Rolls-Royce, and APICAL, as well as, a strict products liability claim against APICAL, and a breach of contract claim against OHS. *Id.* PHI specifically contends that Rolls-Royce is liable because the "engine contained defects in its manufacture or design that rendered it useless, or its use so inconvenient that it must be presumed that PHI would not have bought the Engine had it known of the defects." *Id*. at 4. Rolls-Royce then moved the United States District Court for the Western District of Louisiana to dismiss or transfer PHI's claims against it to the Southern District of Indiana, pursuant to a forum selection clause contained in the Limited Warranty. On May 29, 2015, PHI's redhibition  claims[2] against Rolls-Royce were severed and transferred to this Court. (Filing No. 160.)

Thereafter, on July 18, 2016, Rolls-Royce moved for summary judgment, asserting that PHI is bound by the Limited Warranty, PHI's claims are barred by the "economic loss" doctrine, and a superseding cause caused the destruction of PHI's helicopter. (Filing No. 192.) In response,

---

[2] Under Indiana law, PHI's Louisiana redhibition claim against Rolls-Royce essentially amounts to a breach of warranty claim.

PHI argues that genuine issues of material fact remain and summary judgment should be denied. (Filing No. 197.)

## II.   SUMMARY JUDGMENT STANDARD

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted).  Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted).  "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.   DISCUSSION

Rolls-Royce asserts that it is entitled to summary judgment for three reasons.  It first argues that the No. 2 bearing supplied to PHI included a Limited Warranty that excludes Rolls-Royce from liability regarding the loss of PHI's helicopter.  Rolls-Royce next asserts that PHI's breach of warranty claim is barred by the "economic loss" doctrine.  Rolls-Royce further contends that it is not liable to PHI because a superseding cause—the failure of the Apical floats—proximately caused the loss of PHI's helicopter.  In response, PHI contends that material issues of fact exist and summary judgment is not warranted.  The Court will address each contention in turn.

### A.   Limited Warranty

PHI is pursuing a breach of warranty claim against Rolls-Royce under Indiana law.  PHI specifically asserts that Rolls-Royce breached the implied warranty of merchantability.  (Filing No. 197 at 6-7.)  The implied warranty of merchantability requires goods to be "fit for ordinary purposes for which such goods are used." *Irmscher Suppliers, Inc. v. Schuler*, 909 S.E.2d 1040, 1048 (Ind. App. 2009); *See also Easyrest, Inc. v. Future Foam, Inc.,* No. 4:06-CV-2-SEB-WGH, 2007 WL 2705582, at *2 (S.D. Ind. Sept. 12, 2007) ("To be merchantable, goods must 'conform to ordinary standards, and be of the same average grade, quality and value as similar goods sold under similar circumstances.'" (quoting *Royal Business Machines v. Lorraine Corp.,* 633 F.2d 34 (7th Cir.1980))).  Rolls-Royce argues that it is not liable to PHI because its Limited Warranty packaged with the replacement No. 2 bearing disclaimed any implied warranties for merchantability.  Rolls-Royce additionally contends that the Limited Warranty provides PHI with its exclusive remedies.  The Limited Warranty specifically states:

> **THIS WARRANTY IS GIVEN EXPRESSLY AND IN PLACE OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE. THERE ARE NOT UNDERSTANDINGS,**

**AGREEMENTS,   REPRESENTATIONS,   OR   WARRANTIES   NOT SPECIFIED HEREIN**.

(Filing No. 193-4 at 1.)

> The obligations of Rolls-Royce under this Limited Warranty are limited to the repair of the spare module/part as provided herein. In no event, whether as a result of breach of contract or warranty, alleged negligence, or otherwise, shall Rolls-Royce be subject to liability for incidental, consequential, indirect, special or punitive damages of any kind, including without limitation to damage to the engine, airframe or other property, commercial losses, lost profits, loss of use, grounding of engines or aircrafts, inconvenience, loss of time, cost of capital, cost of substitute equipment, downtime, claims of customers, or changes in retirement lives and overhaul periods.

(Filing No. 193-4 at 2.) Rolls-Royce argues that the format and language of its Limited Warranty is sufficient to exclude or modify any implied warranty of merchantability. "[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous." Ind. Code § 26-1-2-316(2). "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." Ind. Code § 26-1-1-201(10).

In response, PHI does not dispute that the Limited Warranty is conspicuous. PHI instead argues that the Limited Warranty does not limit all of its claims against Rolls-Royce. PHI contends that the Limited Warranty applies only to the replacement No. 2 bearing, and does not cover a defectively designed engine. There is no dispute that the No. 2 bearing malfunctioned, leading to the engine failing. PHI, however, additionally asserts that the engine had a design defect that is not subject to the Limited Warranty. PHI argues specifically that the location and spacing of the "piccolo tube"[3] reduced the amount of oil reaching the No. 2 bearing, causing the bearing to overheat and ultimately fail.

---

[3] The piccolo tube provides lubrication to engine components, such as the No. 2 bearing, to ensure that there is an oil film that separates the two metal pieces. This reduces heat generation and allows the engine components to function properly. (Filing No. 197 at 8.)

In reply, Rolls-Royce argues only that PHI's design defect claim is time barred because PHI failed to plead that the engine, separately from the No. 2 bearing, possessed any defects. To the contrary, PHI's Amended Complaint states clearly that Rolls-Royce is liable because the "engine contained defects in its manufacture or design that rendered it useless, or its use so inconvenient that it must be presumed that PHI would not have bought the Engine had it known of the defects." (Filing No. 15 at 4.) The Amended Complaint further asserts that "upon information and belief, the defects in the Engine's manufacture or design *included, but are not limited to*, the No. 2 Bearing." *Id*. at 5 (emphasis added). Rolls-Royce answered PHI's Amended Complaint by denying the above allegations (Filing No. 54 at 4-5), but failed to assert a statute of limitation defense. "A plaintiff's failure to file its claim within the proscribed statute of limitations is an affirmative defense under Rule 8(c) (1), which Defendant has the burden of pleading and proving." *Fausset v. Mortg. First, LLC*, No. 4:09-CV-42-PRC, 2010 WL 1212085, at \*4 (N.D. Ind. Mar. 23, 2010) (citing *Perry v. Sullivan,* 207 F.3d 379, 382 (7th Cir.2000)). "In responding to a pleading, a Defendant must affirmatively state any avoidance or affirmative defense, including…statute of limitations." Fed. R. Civ. P. 8. "The purpose of this rule is to 'avoid surprise and undue prejudice to the plaintiff by providing [] notice and the opportunity to demonstrate why the defense should not prevail.'" *Fausset,* 2010 WL 1212085, at \*4 (citing *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997)). (holding that by "omitting mention of the statute of limitations until they filed their reply memorandum, the defendants deprived [plaintiffs] of any reasonable opportunity to address that defense."). Where a defendant fails to raise a statute of limitations defense in his responsive pleading, it is considered waived. *Id*. at 968 (citing *Metropolitan Housing Dev. Corp. v. Village of Arlington Heights,* 558 F.2d 1283, 1287 (7th Cir.1977) ("A claim that the statute of limitations bars a lawsuit is an affirmative defense, and it

must be pleaded or it will be considered waived."); See also *Johnson v. Sullivan,* 922 F.2d 346,

355 (7th Cir.1990) (defense waived statute of limitations defense by failing to plead it); *Orzel v.*

*City of Wauwatosa Fire Dep't*, 697 F.2d 743, 747 n.8 (7th Cir.1983) (defendant waived statute of

limitations defense by failing to plead it); *Davis v. Whitesell*, No. 1:07-CV-0087 LJM-TAB, 2010

WL 2484271, at *2 (S.D. Ind. June 14, 2010) (defendant waived his Eleventh Amendment

argument by omitting mention of the defense until his Reply).

This matter is set for trial in less than three months. The Court finds that Rolls-Royce

waived its statute of limitations defense because Rolls-Royce filed an answer to PHI's Amended

Complaint and failed to argue that PHI's design defect claim is time barred.  The Court further

concludes that Rolls-Royce raising the defense in a Reply Brief amounts to a surprise and undue

prejudice to PHI, as it fails to afford PHI prior notice or the opportunity to respond to the defense.

Accordingly, because the Limited Warranty applies only to the No. 2 bearing, a genuine issue of

material fact remains regarding whether the engine contained a design defect, and summary

judgment is **denied** on this issue.

### 1.    PHI's Essential Purpose Defense

In the alternative, PHI argues that even if the Limited Warranty applies to the entire engine,

the Limited Warranty is inapplicable because it fails in its essential purpose.  "[T]he method used

to decide whether a particular limitation fails of its essential purpose is to identify the purpose

underling the provision and determine whether application of the remedy in the particular

circumstances will further that purpose." *Cimino v. Fleetwood Enterprises, Inc.,* 542 F. Supp. 2d

869, 887 (N.D. Ind. 2008).  "Whether a limited remedy fails of its essential purpose is an issue of

fact that a jury may determine." *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.,* 746

N.E.2d 941, 948 (Ind. 2001) (citing *Delhomme Indus., Inc. v. Houston Beechcraft, Inc.,* 669 F.2d 1049, 1063 (5th Cir.1982)).

The Limited Warranty provided with the No. 2 bearing states that "[t]he obligations of Rolls-Royce under this Limited Warranty are limited to the repair of the spare module/part as provided herein." (Filing No. 193-4 at 2.) PHI asserts that the Limited Warranty, allowing only for repair of the replacement part, fails to serve its essential purpose because the total loss of the engine prevents any repair that could be made to the replacement component. "[A] limited remedy, such as limiting damages to replacement parts, may not be valid if the warranty fails of its essential purpose." *Pizel v. Monaco Coach Corp.,* 364 F. Supp.2d 790, 796 (N.D. Ind. 2005) (citing Ind. Code § 26-1-2-719). In reply, Rolls-Royce asserts that under Indiana law, an exclusion of consequential damages is valid even if the written warranty failed its essential purpose. *See Rheem,* 746 N.E.2d at 947 (holding that "Indiana Code § 26–1–2–719(2) does not categorically invalidate an exclusion of consequential damages when a limited remedy fails of its essential purpose." (citing *Schurtz v. BMW of North America, Inc.,* 814 P.2d 1108, 1112 (Utah 1991))).

The Court finds that a genuine issue of material fact exists regarding whether the Limited Warranty fails to serve its essential purpose because, as PHI persuasively argued, the Limited Warranty seeks only to repair replacement parts, however, the No. 2 bearing is irreparable. Summary judgment is therefore **denied** on this issue.

## 2.  PHI's Unconscionability Defense

PHI also argues that the Limited Warranty is unconscionable because Rolls-Royce unilaterally drafted the Limited Warranty without negotiating with PHI. "[U]nconscionability is determined by a court as a matter of law." *Rheem,* 746 N.E.2d at 948 (citing Ind. Code § 26–1–2–302). Unconscionability exists when there is a great disparity in bargaining power, leading a

party with lesser power to unwillingly or unknowingly sign a contract. *Empire Fire & Marine Ins. Co. v. Sargent*, No. 1:04 CV 0021 JDT TAB, 2005 WL 2476203, at *5 (S.D. Ind. Oct. 6, 2005); *Dan Purvis Drugs, Inc. v. Aetna Life Ins. Co.,* 412 N.E.2d 129, 131 (Ind. Ct. App. 1980).

Rolls-Royce argues that the Limited Warranty is not unconscionable because both Rolls-Royce and PHI are sophisticated parties who agreed to the terms of the Limited Warranty. *See Rheem,* 746 N.E.2d at 950–51 (holding that "sophisticated commercial actors should be free to allocate risks as they see fit, and courts should not interfere simply because such risks have materialized."). Rolls-Royce asserts that PHI is not only a sophisticated party who is familiar with the terms of the Limited Warranty, but PHI utilized the Limited Warranty several times to receive replacement parts. (Filing No. 199 at 12.) Despite PHI's contention that Rolls-Royce unilaterally provided the Limited Warranty without PHI's input or assent, it cannot be stated that a disparity in bargaining power existed between PHI and Rolls-Royce when PHI agreed to the terms of the Limited Warranty. PHI is a longstanding customer of Rolls-Royce that operates one of the largest fleets of rotary aircraft in the world and, as Rolls-Royce persuasively argued, PHI is familiar with the terms of the Limited Warranty and has utilized the Limited Warranty to its benefit on several occasions. Accordingly, the Court finds that the Limited Warranty, as it relates to PHI and Rolls-Royce, is not unconscionable and summary judgment is **granted** on this issue.

**B.      Economic Loss Doctrine**

Rolls-Royce argues that PHI is barred from asserting a tort-based claim against Rolls-Royce for the loss of its helicopter. Under the doctrine of "economic loss," a party's sole remedy is contractual where the only injury arising from the failure of a product is economic damages. *E. River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 872 (1986) ("When a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its

contractual remedies are strong."). PHI submits that it is only proceeding against Rolls-Royce on contractual claims, to which the economic loss doctrine is inapplicable. (Filing No. 197 at 18). Accordingly, because there is no need for trial on this issue, summary judgment is **granted** on this issue.

C.      <u>**Superseding Cause**</u>

Rolls-Royce also asserts that it is not liable to PHI because a superseding cause exists. "The doctrine of superseding cause is [] applied where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable…" *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830, 837 (1996). Whether an intervening cause is foreseeable is generally a question of fact for a jury to decide. *Id.* at 840-841. Under Indiana law, "[o]nly in plain and indisputable cases, where only a single inference or conclusion can be drawn, are the questions of proximate cause and intervening cause matters of law to be determined by the court." *Briesacher v. AMG Res., Inc.,* No. 2:03 CV 331, 2005 WL 5988645, at *12 (N.D. Ind. Dec. 16, 2005) (quoting *Peters v. Forster*, 804 N.E.2d 736, 743 (Ind. 2004)).

Rolls-Royce argues that, despite its engine malfunctioning and causing PHI's helicopter to land onto the Gulf of Mexico, it had no reason to foresee that APICAL's float would deflate. Rolls-Royce contends that APICAL's and OHS's failure to retrofit PHI's helicopter with a "doubler" is the superseding cause that destroyed PHI's helicopter. Rolls-Royce further asserts that but-for the float deflating, PHI's helicopter would have been relatively unscathed. In response, PHI argues that the foreseeability of its helicopter capsizing, following a water landing, is an issue for the trier of fact to determine. PHI contends that, because of its longstanding relationship with Rolls-Royce and Rolls-Royce's knowledge that PHI operates over water, it is foreseeable that once the engine

failed the helicopter may roll or capsize.  PHI presents evidence of twelve previous incidents where its helicopters landed onto water, resulting in the loss of eight helicopters.  (Filing No. 197 at 20.) PHI also argues, and Rolls-Royce does not dispute, that even if the superseding cause doctrine applies to the helicopter, the doctrine does not apply to the recovery of the engine.  PHI asserts that, due to defects in Rolls-Royce's engine, the engine itself was a total loss despite the capsizing of the helicopter.

The issue of foreseeability is a question best suited for the trier of fact.  A single inference or conclusion cannot be drawn that the capsizing of the helicopter was unforeseeable to Rolls-Royce because, as PHI persuasively argued, Rolls-Royce and PHI maintain a longstanding relationship and Rolls-Royce is knowledgeable of PHI's operations.  Accordingly, the Court finds that a genuine issue of material fact remains and Rolls-Royce's Motion for Summary Judgment pursuant to the doctrine of superseding cause is **denied**.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Rolls-Royce's Motion for Summary Judgment (Filing No. 192).  The Court agrees that the pertinent sections of the Limited Warranty are conscionable; however, there is a genuine issue of material fact regarding whether the engine contained a design defect and whether the Limited Warranty meets its essential purpose, and there remains a genuine issue of material fact as to the superseding cause defense; therefore, these issues should be resolved by the trier of fact.  The Court further concludes that PHI's non-contractual claims, to which the "economic loss" doctrine might apply, have been withdrawn, therefore summary judgment is granted on this issue.

**SO ORDERED.**

Date: 12/9/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

12

DISTRIBUTION:

Kevin R. Tully
CHRISTOVICH & KEARNEY LLP
krtully@christovich.com

Howard Carter Marshall
CHRISTOVICH & KEARNEY LLP (NO)
hcmarshall@christovich.com

W. Nicholas Dietzen, IV
CHRISTOVICH & KEARNEY, LLP
wndietzen@christovich.com

Alex J Whitman
CUNNINGHAM SWAIM LLP
awhitman@cunninghamswaim.com

Michael Ross Cunningham
CUNNINGHAM SWAIM, LLP
rcunningham@cunninghamswaim.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com