# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-00840-TWP-DML |
| ROLLS ROYCE CORP., | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Defendant Rolls Royce Corp.'s ("Rolls Royce") Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). On January 30, 2013, Plaintiff Petroleum Helicopters, Inc. ("PHI") filed an Amended Complaint in the Western District of Louisiana against several parties to recover damages for the loss of a helicopter which was forced to make an emergency landing onto the Gulf of Mexico after an engine, manufactured by Rolls-Royce, malfunctioned. (Filing No. 15.) PHI asserts that redhibitory defects[1] in Rolls Royce's engine caused its helicopter to malfunction, resulting in the destruction of the helicopter. On May 29, 2015, PHI's claims against Rolls Royce were severed and transferred to this Court. (Filing No. 160.)

On July 18, 2016, Rolls Royce moved for summary judgment, asserting that PHI is bound by a Limited Warranty, PHI's claims are barred by the "economic loss" doctrine, and a superseding cause caused the destruction of PHI's helicopter. (Filing No. 192.) In response, PHI argued a design defect in the engine was not subject to the Limited Warranty and the economic loss and

---

[1] Under Louisiana law, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect…" La. Civ. Code Art. 2520.

superseding cause doctrines were inapplicable. (Filing No. 197.) In reply, Rolls Royce asserted, among other things, a statute of limitations defense regarding PHI's engine defect claim under Indiana law. (Filing No. 199.) Thereafter, on December 9, 2016, the Court concluded that Rolls Royce waived its statute of limitations defense because it filed an answer to PHI's Amended Complaint, but failed to argue that PHI's engine defect claim was time barred. The Court also found that Rolls Royce raising the defense in a Reply Brief amounted to a surprise and undue prejudice to PHI, as it failed to afford PHI prior notice or the opportunity to respond to the defense. (Filing No. 204.) Rolls Royce now requests reconsideration, asserting that the Court's Order denying Rolls Royce's Motion for Summary Judgment regarding the statute of limitations defense runs contrary to the Federal Rule of Civil Procedure 11. (Filing No. 206.) For the following reasons, Roll Royce's Motion for Reconsideration is **denied**.

## I. BACKGROUND

**A. Undisputed Facts**

Rolls Royce manufactures turbine aircraft engines and parts used in helicopters. (Filing No. 193 at 1.) PHI, one of Rolls Royce's long standing customers, operates one of the largest fleet of rotary aircraft in the world, and also offers helicopter transport services. *Id.* In 1999, Rolls-Royce designed, manufactured, and sold an engine to Bell Helicopter Canada. (Filing No. 15 at 3; Filing No. 193 at 2.) In 2009, Bell Helicopter Canada installed Rolls Royce's engine into the helicopter at issue. (Filing No. 193 at 2.) Thereafter, in 2011, PHI purchased a replacement engine component known as a No. 2 bearing from Rolls Royce and independently installed it into the helicopter's engine. *Id.* at 3. The replacement No. 2 bearing included a Limited Warranty for spare modules and parts. *Id*. at 7.

On December 1, 2011, the No. 2 bearing failed, causing the entire engine to lose power. (Filing No. 197 at 3.) This malfunction forced the pilot to perform an emergency landing onto the

2

Gulf of Mexico. (Filing No. 15 at 3.) During the emergency landing, the pilot inflated skid mounted floats which were designed to keep the helicopter from sinking. *Id.* The pilot and his passenger then entered inflated life rafts and were rescued within ten minutes. (Filing No. 193 at 2.) The rescuers returned to the floating helicopter and attempted to tow the helicopter to a platform for recovery. *Id.* at 8. After towing the helicopter for approximately an hour, the float deflated. *Id*. The helicopter inverted into the salt water, resulting in the helicopter's destruction. *Id.* at 2.

**B.    The Louisiana Litigation**

In December 2012, PHI filed a Complaint in the Western District of Louisiana. On January 30, 2013, PHI amended its Complaint against Rolls Royce, APICAL Industries, Inc. ("APICAL"), and Offshore Helicopter Support Services, Inc., ("OHS"), requesting compensatory damages and attorney's fees. (Filing No. 15.) PHI asserted redhibition claims against Rolls Royce, and APICAL, as well as a strict products liability claim against APICAL, and a breach of contract claim against OHS. *Id.* PHI specifically contends that Rolls Royce is liable because the "engine contained defects in its manufacture or design that rendered it useless, or its use so inconvenient that it must be presumed that PHI would not have bought the Engine had it known of the defects." *Id*. at 4. On July 22, 2013, Rolls Royce moved the United States District Court for the Western District of Louisiana to dismiss or transfer PHI's claims against it to the Southern District of Indiana, pursuant to a forum selection clause contained in the Limited Warranty. (Filing No. 62.) Rolls Royce renewed that Motion on December 16, 2013. (Filing No. 106.) On May 29, 2015, PHI's redhibition claims against Rolls Royce was severed and transferred to this Court. (Filing No. 160.)

Thereafter, on July 18, 2016, Rolls Royce moved for summary judgment under Indiana law, asserting PHI is bound by the Limited Warranty, PHI's claims are barred by the "economic

3

loss" doctrine, and a superseding cause caused the destruction of PHI's helicopter. (Filing No. 192.) In response, PHI argued a material issue of fact remains because a design defect in the engine was not subject to the Limited Warranty and the economic loss and superseding cause doctrines were inapplicable. (Filing No. 197.) In reply, Rolls Royce asserted, among other things, that PHI's engine defect claim was time-barred pursuant to Ind. Code Ann. § 26-1-2-725. (Filing No. 199.) Thereafter, the Court granted in part and denied in part Rolls Royce's Motion for Summary Judgement, specifically concluding that Rolls Royce waived its statute of limitations defense because it filed an answer to PHI's Amended Complaint, but failed to argue that PHI's design defect claim was time barred. The Court also found that Rolls Royce's act of raising the defense in a Reply Brief amounted to a surprise and undue prejudice to PHI, as it failed to afford PHI prior notice or the opportunity to respond to the defense. (Filing No. 204.)

Rolls Royce now requests the Court to reconsider its Order asserting, among other things, that the Court's ruling conflicts with Federal Rule of Civil Procedure 11. (Filing No. 206.)

## II. LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale

disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

### III. DISCUSSION

Rolls Royce moves the Court to reconsider its Order concluding that Rolls Royce waived its statute of limitations defense because Rolls Royce filed an Answer to PHI's Amended Complaint, but failed to allege the defense. Rolls Royce also moves for reconsideration regarding the Court's finding that Rolls Royce unfairly prejudiced PHI when raising the statute of limitations defense in its Reply Brief.

**A.    Waived Defense**

Rolls Royce requests reconsideration, contending that it was unaware that PHI's redhibition claim could convert to Indiana law, until PHI filed its Response Brief on September 2, 2016. Rolls Royce acknowledges that in the Amended Complaint, PHI specifically alleges that Rolls Royce is liable because the "engine contained defects in its manufacture or design that rendered it useless, or its use so inconvenient that it must be presumed that PHI would not have bought the Engine had it known of the defects." ([Filing No. 15 at 4](#).) Rolls Royce, however, argues that PHI asserted an engine defect claim when filing the original Complaint and Amended Complaint in Louisiana under Louisiana's doctrine of redhibition, but PHI did not further amend its Complaint to assert a warranty of merchantability claim under Indiana law.

Rolls Royce asserts that, although Louisiana's redhibition doctrine and Indiana's breach of implied warranty of merchantability share common concepts, the statute of limitations are different for both. Under Indiana law, "[a]n action for breach of any contract for sale must be commenced

within four (4) years after the cause of action has accrued… A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Ind. Code Ann. § 26-1-2-725. Louisiana law, in pertinent part, states:

> (A) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
>
> (B) The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

La. Civ. Code art. 2534 (A), (B). Rolls Royce contends that subsection (B) applies and, as such, PHI timely filed its December 2012 Complaint under Louisiana law, because a one year prescription did not commence until PHI discovered the engine defect in December 2011. Rolls Royce relies on Federal Rule of Civil Procedure 11 when contending that, because PHI's lawsuit was timely under Louisiana law, it could not in good faith assert a statute of limitations defense until after PHI specifically stated that its engine defect claim was pursuant to Indiana law rather than the redhibition doctrine.

> By presenting to the court a pleading, written motion, or other paper […] an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: …the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…

Fed. R. Civ. P. 11.

In response, PHI argues that Rolls Royce failed to show that the Court committed manifest error of law or fact, or that newly discovered evidence preluded the Court's Judgment. *See Cincinnati Life Ins.*, 722 F.3d at 954. PHI contends that the Seventh Circuit is clear, a "statute of limitations defense [is] waived where not pleaded in [an] answer and raised for first time in response to motion for summary judgment without motion to amend answer." *United States v.*

*Adent*, 821 F.3d 911, 914 (7th Cir. 2016) (citing *Venters v. City of Delphi*, 123 F.3d 956, 967–68 (7th Cir. 1997)).

PHI argues that from the outset of this case, Rolls Royce was aware that PHI's engine defect claim could be construed under Indiana law, despite Rolls Royce's contention that it was unaware until PHI filed its Response Brief on September 2, 2016. PHI contends that its Amended Complaint specifically alleges that Rolls Royce's "engine contained defects in its manufacture or design that rendered it useless, or its use so inconvenient that it must be presumed that PHI would not have bought the Engine had it known of the defects." ([Filing No. 15 at 4](#).) PHI asserts that, not only did Rolls Royce initially plead choice of law as an affirmative defense in its Answer ([Filing No. 54 at 18](#)), but Rolls Royce attempted, since 2013, to transfer PHI's redhibition claim to Indiana and, when the claim was transferred in 2015, Rolls Royce notified the parties and the Court of its contention that Indiana law applies to the case. Additionally, Rolls Royce filed its Motion for Summary Judgement pursuant to Indiana law.

PHI next argues that Rolls Royce's reliance on Federal Rule of Civil Procedure 11, when contending that it was precluded from pleading a statute of limitations defense, is contradicted by Rolls Royce asserting a defense under the General Aviation Revitalization Act of 1994 ("GARA"). PHI contends that for GARA to apply, the incident must have taken place more than eighteen years after the original sale; however, despite Rolls Royce's awareness that the engine was sold in 1999 and the crash took place twelve years after the sale, in 2011, Rolls Royce disregarded Rule 11 and still pleaded the GARA defense.

The Court first notes, despite Rolls Royce's contention that the statute of limitations under Louisiana's redhibition doctrine is different from Indiana law, both limitations prescribe four years after delivery. *See* Ind. Code Ann. § 26-1-2-725; La. Civ. Code art. 2534(A). Accordingly, even

7

if Rule 11 prevented Rolls Royce from asserting a statute of limitations defense under Indiana law, Rolls Royce could, and should have raised the statute of limitations defense under Louisiana law.

Louisiana's redhibition claim prescribes one year after discovery, only where a seller is aware that it sold a defective product. La. Civ. Code art. 2534(B). Rolls Royce relies on this subsection of Louisiana's law, essentially contending that it was aware or should have been aware that it sold PHI a defective engine. Even if this subsection applies, Rolls Royce's Motion on this issue is **denied**, because the Court finds that Rolls Royce knew (or should have known) that PHI's redhibition claim under Louisiana's doctrine could convert to an implied warranty of merchantability claim under Indiana law. It is undisputed that Indiana does not recognize the redhibition doctrine and, not only did Rolls Royce move to transfer and sever PHI's redhibition claim from Louisiana to Indiana, but in 2015 after the case transferred to Indiana, Rolls Royce specifically reported to the Court and PHI that Indiana law applies to this case. ([Filing No. 169 at 6](#).) The Seventh Circuit has continuously held that a "statute of limitations defense [is] waived where not pleaded in [an] answer and raised for first time in response to motion for summary judgment *without motion to amend answer*." *Adent*, 821 F.3d at 914 (citing *Venters*, 123 F.3d at 967–68) (emphasis added). Rolls Royce did not seek leave to amend its Answer until January 4, 2017, more than one year after the case transferred to Indiana and nearly one month after the Court's summary judgement ruling. ([Filing No. 208](#).) For these reasons, reconsideration on this bases is **denied**.

**B.**     **Prejudiced PHI**

Rolls Royce next argues that it did not prejudice PHI when asserting a statute of limitations defense in its Reply Brief, because PHI failed to amend its Complaint to assert a warranty of merchantability claim under Indiana law. Rolls Royce relies on Sixth Circuit cases when contending that in determining prejudice, "the court considers whether the assertion of the new

8

claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *See, e.g., Rogers v. I.R.S.*, 822 F.3d 854, 857 (6th Cir. 2016); *Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994). Rolls Royce argues that PHI is not prejudiced because the statute of limitations defense will not require PHI to expend significant additional resources to conduct additional discovery or to prepare for trial and it will not delay resolving this case, but would significantly reduce the issues for the jury to consider.

Rolls Royce also argues that it did not prejudice PHI because PHI failed to file an objection or seek leave to file a sur-reply. Rolls Royce contends that the Seventh Circuit has found no waiver of an affirmative defense (and no prejudice) when raised in a motion for summary judgment where the opposing party had the opportunity to challenge the argument. *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436-37 (7th Cir. 2014) ("[plaintiffs] had the opportunity to challenge this argument [based upon an omitted affirmative defense] in their own summary judgment submissions, as well as in their opposition briefs to Defendant-Appellees' summary judgment brief").

In response, PHI contends that controlling Seventh Circuit precedent establishes that where a party requests to assert a new affirmative defense, well after the close of discovery and on the eve of summary judgment proceedings, there is significant prejudice to the opposing party that justifies a court's denial of the request. *See Feldman v. Am. Mem'l Life Ins. Co.,* 196 F.3d 783, 793 (7th Cir. 1999). PHI contends that Rolls Royce did not act with diligence when asserting its statute of limitations defense, that Rolls Royce was aware that PHI's engine defect claim could be construed under Indiana law since 2013 and, not only did Rolls Royce wait until the eve of summary judgment proceedings to raise the defense, but Rolls Royce did not formally seek leave to amend until it was persuaded by PHI's argument. In addition, Rolls Royce's reliance on

*Garofalo* is misplaced.  In *Garofalo*, the court held that defendants did not waive their defense because defendants raised the defense in detail in their initial summary judgment brief, affording plaintiffs the opportunity to challenge the defense in their opposition briefs.  *Garofalo*, 754 F.3d at 436–37.  Here, unlike the defendants in *Garolfalo*, Rolls Royce raised a non-obvious defense in its Reply Brief and failed to afford PHI prior notice or the opportunity to respond to the defense. *See Fausset v. Mortg. First, LLC, No. 4:09-CV-42-PRC, 2010 WL 1212085, at \*4 (N.D. Ind. Mar. 23, 2010)* (citing *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997) (holding by "omitting mention of the statute of limitations until they filed their reply memorandum, the defendants deprived [plaintiffs] of any reasonable opportunity to address that defense").  Accordingly, Rolls Royce's Motion for Reconsideration is **denied**.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Rolls Royce's Motion for Reconsideration.  ([Filing No. 206](#).)

**SO ORDERED**.

Date: 1/17/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin R. Tully
CHRISTOVICH & KEARNEY LLP
krtully@christovich.com

Howard Carter Marshall
CHRISTOVICH & KEARNEY LLP (NO)
hcmarshall@christovich.com

W. Nicholas Dietzen, IV
CHRISTOVICH & KEARNEY, LLP
wndietzen@christovich.com

Alex J Whitman
CUNNINGHAM SWAIM LLP
awhitman@cunninghamswaim.com

Michael Ross Cunningham
CUNNINGHAM SWAIM, LLP
rcunningham@cunninghamswaim.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com