UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00840-TWP-DML |
| ) | |
| ROLLS ROYCE CORP., ) | |
| ) | |
| Defendant. ) | |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a Final Pretrial Conference on January 18, 2017, at the Indianapolis Courthouse. Plaintiff Petroleum Helicopter, Inc. ("PHI") appeared by counsel Michael Ross Cunningham and Bruce L. Kamplain. Defendant Rolls Royce Corp. ("Rolls Royce") appeared by counsel Kevin R. Tully and Howard Carter Marshall. The Court Reporter was David Moxley. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

1. Due to congestion of the Court's trial calendar, the six-day jury trial is rescheduled to begin on **Monday, April 3, 2017, at 9:00 a.m.** in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The doors to the Courtroom will be unlocked at 7:30 a.m. Attorneys are ordered to appear by 8:00 a.m., and jury selection will begin promptly at 9:00 a.m. The issue to be tried is Plaintiff PHI's claim of breach of implied warranty of merchantability against Defendant Rolls Royce.

2. The Court reviewed the parties' witness lists to determine who will testify and the subject of their testimony.

a. PHI named fourteen witnesses: Tom Yakubovich, Mike Block, Davin Landry, Terry Kaufman, Tony Gonzelez, Stephen Edney, Rick DeJong, Doug Cook, Ron Roessler, Sharon Desfor, Gerhard Fuchs, Rolls Royce's Corporate Representative, Ross Cunningham, and Bruce Kamplain. ([Filing No. 210](#).) Rolls Royce filed written objections to Gerhard Fuchs and raised oral objections to Ross Cunningham and Bruce Kamplain, which are addressed later in this Entry. ([Filing No. 252](#).)

b. Rolls Royce presented a list of nineteen named witnesses: Stephen Edney, Dough Cook, Raymond Claxton, Michael Weber, Kathy Hunter, Scott Brendel, Ronald Roessler, Rege Hall, Rick Dejong, Pablo Bravo, James Joseph Dardar, Michael Wittman, Jared Brunet, Tad J. Kling, Michael Block, Tom Yakubovich, Gerhard Fuchs, Sharon Desfor, and Douglas Stimpson. ([Filing No. 227](#).) PHI filed written objections to: 1) Douglas Stimpson, 2) Michael Wittman, 3) Jared Brunet, 4) James Joseph Dardar, 5) Pablo Bravo, 6) Tad Kling, 7) Tom Yakubovich, 8) Michael Block, and 9) Sharon Desfor, which are addressed later in this Entry. ([Filing No. 244](#).)

c. There are numerous overlapping witness. To avoid calling witnesses (other than party witnesses) more than once, the parties should conduct direct and/or cross-examinations the first time a witness is called.

3. The Court reviewed the parties' exhibit lists.

a. The parties' Joint Exhibit List designated 1,258 exhibits ([Filing No. 229](#)). PHI filed written objections to exhibits: 1-56; 300-421; 600-669; 800-1,258 ([Filing No. 241](#)), and Defendant filed written objections to: 1-63; 300-421; 600-669; 800-1,258. The parties advised that recent rulings by the Court will allow them to amend and reduce

both witness and exhibit lists. The parties are to file amended witness lists and exhibits list by **March 3, 2017**.

4. Discussion was held regarding pending motions.

   a. Rolls Royce's Motion to Separate Witnesses ([Filing No. 242](#)) is **granted**. Rolls Royce seeks to exclude witnesses from trial other than when testifying, except designated party representatives, pursuant to Federal Rule of Evidence 615. PHI objects, and requests that the Court allow its expert witness, Gerhard Fuchs, to remain in the courtroom throughout the trial. PHI contends that Dr. Fuchs' presence is essential to the presentation of its case and the purpose of Dr. Fuchs' presence in the courtroom is to consider and address the testimony of PHI's three non-retained experts, rather than to rebut the testimony of Rolls Royce's witnesses. *See United States v. Olofson*, 563 F.3d 652, 661 (7th Cir. 2009) (holding a district court did not abuse its discretion in denying a defendant's request to allow its expert witness to remain in the courtroom in order to rebut the opposing party's testimony, where the defendant failed to show that the expert's presence was essential to the presentation of the his case). Thus far, PHI has not met this burden. Rolls Royce's motion for separation of witness is **granted** and PHI's objection is **overruled**.

   b. Rolls Royce's Motion to Strike Dr. Fuchs' Supplemental Expert Report ([Filing No. 252](#)). Rolls Royce seeks to exclude Dr. Fuchs' supplemental expert report exchanged on January 16, 2017, outlining Dr. Fuchs' most recent experiment exposing No. 2 bearing materials to various heat temperatures. In his supplemental report, Dr. Fuchs concludes that the No. 2 bearing material had to reach in excess of 1500° Fahrenheit, contradicting the temperatures reported by Roll Royce's

witnesses: Claxton, Rossler, and Cook. Rolls Royce contends that the supplemental report is untimely and allowing the opinions would amount to surprise and undue prejudice because it fails to afford Rolls Royce the opportunity to respond. Rolls Royce alternatively requests the Court to continue trial in order to give Rolls Royce the opportunity to examine Dr. Fuchs' experiment and prepare a response. Because the trial has been continued on the Court's motion, undue prejudice and surprise are not likely. Rolls Royce argues that said evidence should still be excluded "outright" because PHI's expert should have done the testing earlier, and "we have deadlines for a reason." PHI was not afforded an opportunity to respond to the Motion to Strike, therefore the Court will give PHI until **January 23, 2017** to respond, and any reply is due on or before **January 26, 2017**. The motion is taken **under advisement**.

5. Discussion was held regarding PHI's Objections ([Filing No. 244](#)). PHI objects to the following:

    a. Deposition Testimony of Douglas Stimpson. PHI objects to Rolls Royce offering any testimony from Stimpson because Rolls Royce did not designate him as an expert witness. PHI contends that it retained Stimpson as an expert in the parallel Louisiana litigation, regarding its claims against Apical Industries Inc. and Offshore Helicopter Support Services, Inc. PHI did not designate Stimpson as an expert regarding the issues in this case, and asserts that if Rolls Royce intended to offer Stimpson as an expert it was required to designate Stimpson as an expert witness in its disclosures. PHI argues, because Rolls Royce did not designate Stimpson as an expert, it may not offer Stimpson's deposition testimony as expert

opinion testimony at trial. In response, Rolls Royce contends that, although Stimpson was disclosed in the Louisiana case prior to Rolls Royce's expert disclosure deadline in this case, Rolls Royce was unaware of Stimpson prior to disclosing its experts. There is no dispute that Rolls Royce was required to disclose Stimpson as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2). The Court concludes that, because Rolls Royce has not established that its failure to do so was harmless, PHI's objection is **sustained**. *See Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004) (holding a district court did not abuse its discretion in finding that a party lacked substantial justification for failing to disclose its witness as an expert because a "misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline").

b. Deposition Testimonies of Michael Wittman, Jared Brunet, and James Joseph Dardar. PHI objects to Rolls Royce offering any testimony from Wittman, Brunet, or Joseph about their efforts to recover the aircraft after it landed in the Gulf of Mexico, asserting that the testimony is not relevant to the issues before the Court. PHI argues in the alternative, if the Court finds that the depositions are relevant to the issues before the Court, allowing all three depositions that outline nearly identical facts would be unnecessarily time consuming and more prejudicial than probative. The Court **granted in part and denied in part** PHI's objection. Evidence regarding foreseeability is allowed, however, if witnesses testify in person, deposition testimony is unnecessary. In addition, the parties agree to

discuss filing a stipulation of facts regarding the issue of superseding cause and foreseeability.

c. Deposition Testimonies of Pablo Bravo and Tad Kling. PHI objects to Rolls Royce offering any testimony from Bravo or Kling because their testimony is not relevant to the issues before the Court. PHI contends that Bravo's and Kling's testimony relates only to whether the parties in the pending Louisiana case were negligent, but has no bearing on Rolls Royce's foreseeability of the loss of the helicopter when the engine failed. The Court **granted in part and denied in part** PHI's objection. Evidence regarding foreseeability is allowed, however, if witnesses testify in person, deposition testimony is unnecessary. In addition, the parties agree to discuss filing a stipulation of facts regarding the issue of superseding cause and foreseeability.

d. Deposition Testimony of Tom Yakubovich, Michael Block, and Sharon Desfor. PHI objects to Rolls Royce offering any deposition testimony from Yakubovich, Block, or Desfor because these witnesses are available for trial. PHI also objects to Rolls Royce eliciting or offering any testimony from Block regarding an unrelated case because the testimony is irrelevant and, if allowed, would confuse the jury. PHI contends that Block's deposition may be used only for impeachment purposes. Rolls Royce agrees that, because the witnesses are available, certain deposition testimony is not required at trial. Accordingly, PHI's objection is **sustained**.

6.  Discussion was held regarding Rolls Royce's oral objections. Rolls Royce orally objected to the following:

    a.  Testimony of Ross Cunningham and Bruce Kamplain. Rolls Royce objects to PHI eliciting testimony from Cunningham and Kamplain regarding the reasonableness of attorneys' fees, arguing that Indiana law does not provide attorneys' fees in breach of implied warranty of merchantability cases. PHI has failed to present any authority for an award of attorneys' fees. The parties agree that the issue of Plaintiff's attorneys' fees, if any, should be determined following the jury verdict. The Court will allow parties to provide briefing on this matter following trial, if appropriate. Accordingly, the Court takes under advisement ruling on this objection.

7.  The parties filed stipulations of fact at [Filing No. 230](Filing No. 230).

8.  On January 18, 2017, the Magistrate Judge held a settlement conference and the parties did not reach a settlement. Parties are to continue settlement negotiations with the Magistrate Judge if appropriate.

9.  Discussion was held regarding jury selection, the length of *voir dire*, opening statements, and closing arguments.

    a.  The Court intends to seat a jury of seven (7) members with no alternates. A panel of approximately twenty-five (25) prospective venire will be called. The jury questionnaires will be available for pick-up in person at the Indianapolis Courthouse, Room 344, at **12:00 p.m. on Friday, March 31, 2017**. Parties are to comply with the Southern District of Indiana's Juror Questionnaire Confidentiality Agreement.

b.  The Court will question the prospective jurors with its standard *voir dire* and may incorporate questions submitted by counsel. After the Court completes its questioning, counsel will have up to **15 minutes per side** for follow-up questions to the panel.

c.  Challenges for cause will be exercised at the bench. Each side will have three (3) preemptory challenges which shall be exercised simultaneously and in writing. No back-striking will be allowed.

d.  Each side will have up to 30 minutes for opening statements. Counsel shall advise one another before opening statements of any demonstrative exhibits they intend to use so that any objections may be resolved before the morning of trial.

e.  The amount of time allotted for closing arguments will be determined at the close of evidence.

10. Discussion was held regarding Instructions and Joint Issue Instruction:

    a.  The Court will provide its preliminary jury instructions to counsel no later than **Wednesday, March 29, 2017**. Objections to the Court's instructions are due no later than **12:00 p.m. on Friday, March 31, 2017**.

    b.  The parties filed joint proposed final jury instructions at [Filing No. 249](Filing No. 249). The parties shall continue to review proposed final instructions based upon recent rulings made by the Court.

    c.  The parties have not filed proposed verdict forms. Parties shall file a joint proposed verdict form by **Friday, March 3, 2017**.

11. The parties filed stipulations of fact at [Filing No. 230](Filing No. 230).

12. Discussion was held regarding deposition testimony. The Defendant submitted Deposition Testimony Designations on January 4, 2017 ([Filing No. 228](#)). Plaintiff filed written objections on January 11, 2017 ([Filing No. 244](#)) which are addressed above.

13. If either party would like to use the Court's Video Evidence Presentation System ("VEPS"), counsel was instructed to schedule training with the Courtroom Deputy Clerk.

14. Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice" ([Filing No. 175](#)) before the start of the trial.

No further discussion was held.

**SO ORDERED.**

Dated: 1/24/2017

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin R. Tully
CHRISTOVICH & KEARNEY LLP
krtully@christovich.com

Howard Carter Marshall
CHRISTOVICH & KEARNEY LLP (NO)
hcmarshall@christovich.com

W. Nicholas Dietzen, IV
CHRISTOVICH & KEARNEY, LLP
wndietzen@christovich.com

Alex J Whitman
CUNNINGHAM SWAIM LLP
awhitman@cunninghamswaim.com

Michael Ross Cunningham
CUNNINGHAM SWAIM, LLP
rcunningham@cunninghamswaim.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com